IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES L. FREDERICK | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv29 |
| DIRECTOR, TDCJ-CID | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Charles L. Frederick, proceeding *pro se*, filed this petition for writ of habeas corpus. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background and Prior Proceedings

Following a jury trial in the 128th District Court of Orange County, Texas, petitioner was convicted of murder. *The State of Texas v. Charles Lorey Frederick*, Cause No. A-000322. He was sentenced to 35 years of imprisonment. The conviction was affirmed by the Texas Court of Appeals for the Ninth District. *Frederick v. State*, 2003 WL 21767398 (Tex. App.-Beaumont, 2003). On January 14, 2004, the Texas Court of Criminal Appeals refused a petition for discretionary review. *Frederick v. State*, No. PD-1642-03. Petitioner did not file a petition for writ of *certiorari*.

Petitioner filed a state application for writ of habeas corpus on December 7, 2004. The Court of Criminal Appeals denied the application without written order based on the findings of the trial court on December 12, 2005. A second state application was filed in April, 2017. This application was dismissed as subsequent. A third state application was filed in June, 2019. This application was also dismissed as subsequent.

### Grounds for Review

Petitioner asserts the following grounds for review: (1) the trial court erred by not instructing the jury regarding his "sudden passion" defense and (2) he is actually innocent because: (a) counsel was ineffective for not attempting to have a statement introduced into evidence and failing to seek a jury instruction on the applicability of parole law to his punishment; (b) the trial court discouraged

the jury's request to see trial transcripts and (c) the prosecution violated his rights by not entering a statement into the record.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction becomes final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by such state action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2242(d)(1)(A)-(D).

Petitioner's petition for discretionary review was refused on January 14, 2004. As petitioner did not file a petition for writ of *certiorari* with the Supreme Court, his conviction became final 90 days later, on April 13, 2004, when the time period for filing such a petition expired. *Broussard v. Thaler*, 414 F. App'x 686, 687 (5th Cir. 2011). The period of limitations began to run on that date and ran for 238 days until December 7, 2004, the date petitioner filed his first state application for writ of habeas corpus. The running of the period of limitations was tolled while the first state application was pending. The period of limitations began to run again on December 12, 2005, the date the first application was denied, and expired 127 days later, on April 19, 2006.[1] As the current petition is dated January 24, 2020, the current petition was filed after the applicable period of limitations expired.

---

[1] While 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, petitioner did not file his second and third state applications for writ of habeas corpus until after the period of limitations expired. Accordingly, the filing of petitioner's second and third state applications did not cause the period of limitations to be tolled. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if the state habeas action is filed after the limitations period has expired).

Petitioner does not assert that the state created an impediment to bringing a federal petition for writ of habeas corpus at an earlier time or that the his grounds for review are based upon a newly recognized right. Further, his grounds for review are not based on newly discovered facts that could not have been discovered earlier through the exercise of due diligence. Nor has petitioner demonstrated he is entitled to equitable tolling.

Petitioner does assert that he is actually innocent. In *McQuiggin v. Perkins*, 133 S.Ct. 1924, the Supreme Court held that actual innocence may provide a "gateway" for consideration of otherwise time-barred claims. An actual innocence claim requires a petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). However, it is not the mere allegation of actual innocence that will open such a "gateway;" instead, a petitioner seeking to avoid a limitations bar must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *Id*. at 1936. In other words, an "actual innocence" exception to the limitations bar will only be found if the evidence presented by the petitioner convinces the court that "it is more likely than not that no reasonable juror would have convicted [petitioner]." *Id*. at 1933.

Petitioner asserts he is actually innocent because: (a) counsel failed to attempt to have a statement introduced into evidence and failed to seek a jury instruction regarding parole law; (b) the trial court discouraged the jury's request to see trial transcripts and (c) the prosecution violated his rights by not entering a statement into the record. None of these assertions constitute new reliable evidence. Further, petitioner's assertions do not permit the conclusion that a court cannot have confidence in the outcome of his trial. As a result, petitioner may not proceed through the gateway provided by *McQuiggin*.

## Recommendation

This petition for writ of habeas corpus should be dismissed as barred by the applicable statute of limitations.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 31st day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge